1 | Shaun Setareh (SBN 200514)
   shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3 | SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4 | Beverly Hills, California 90212
   Telephone (310) 888-7771
5 | Facsimile (310) 888-0109

6 | Attorneys for Plaintiff
   ROBERT W. AHLSTROM

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTH DISTRICT OF CALIFORNIA**

11

12 | ROBERT W. AHLSTROM, on behalf of     | Case No.
    himself, all others similarly situated,

13 |                                      | **CLASS ACTION**
              *Plaintiff*,

14 |                                      | **COMPLAINT FOR:**

15 | vs.                                  | 1.  Failure to Provide Meal Periods (Lab.
                                              Code §§ 204, 223, 226.7, 512, and 1198);
16 | DHI MORTGAGE COMPANY GP, INC., a     | 2.  Failure to Provide Rest Periods (Lab. Code
    Delaware corporation; D.R. HORTON, INC.,      §§ 204, 223, 226.7, and 1198);
    a Delaware corporation; and DOES 1 through
17 | 50, inclusive,                       | 3.  Failure to Pay Hourly Wages (Lab. Code
                                              §§ 223, 510, 1194, 1194.2, 1197, 1997.1,
18 |              *Defendants*.           |     and 1198);
                                          | 4.  Failure to Provide Accurate Written Wage
19 |                                      |     Statements (Lab. Code § 226(a));
                                          | 5.  Failure to Timely Pay All Final Wages
20 |                                      |     (Lab. Code §§ 201-203);
                                          | 6.  Unfair Competition (Bus. & Prof. Code §§
21 |                                      |     17200, *et seq.*)
                                          | 7.  Failure to Pay Employees for All Hours
22 |                                      |     Worked (29 U.S.C. § 201, *et seq.*)
                                          | 8.  Breach of Written Contract
23 |                                      | 9.  Breach of the Implied Covenant of Good
                                          |     Faith and Fair Dealing
24 |

25 |                                      | **JURY TRIAL DEMANDED**

26 |

27

28

Plaintiff Robert W. Ahlstrom (referred to as "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative action against defendant DHI Mortgage Company GP, Inc., a Delaware corporation; D.R. Horton, Inc., a Delaware corporation and Does 1 to 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants (a) failed to provide him and all other similarly situated individuals with meal periods, (b) failed to provide them with rest periods, (c) failed to pay premium wages for missed meal and/or rest periods, (d) failed to pay them for all hours worked, (e) failed to pay overtime wages at the correct rate, (f) failed to pay double time wages at the correct rate, (g) failed to pay overtime and double time wages at the correct rate by failing to include all applicable remuneration in calculating the regular rate of pay, (h) failed to provide them with accurate written wage statements, (i) failed to timely pay them all of their final wages following separation of employment, (j) failed to comply with the Fair Labor Standards Act ("FLSA") (28 U.S.C. section 201, *et seq.*).  In addition, Plaintiff alleges that Defendants breached the terms of its written agreement with Plaintiff and the putative class along with the implied convenant of good faith and fair dealing by not paying commissions for which Plaintiff and the  putative class were the procuring cause and so were equitably entitled to be paid their commissions.  Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the claims of Plaintiff and the putative class pursuant to 28 U.S.C. § 1331 because these claims seek redress for violation of the Plaintiff's and the putative class' federal statutory rights under the Fair Labor Standards Act (28 U.S.C. §§ 201, et seq.)

3.    The Court has supplemental jurisdiction over Plaintiff's and putative class' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so closely related to Plaintiff's and the putative class' federal law wage and hour claims that they form parts of the same case or

1 | controversy under Article III of the United States Constitution.

2 |     4.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)

3 | and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this

4 | judicial district.

5 | **PARTIES**

6 |     5.    Plaintiff Robert W. Ahlstrom ("Plaintiff") is, and at all relevant times mentioned

7 | herein, an individual residing in San Jose, California, County of Santa Clara.

8 |     6.    Plaintiff is informed and believes, and thereupon alleges that Defendant DHI

9 | Mortgage Company GP, Inc. is, and at all relevant times mentioned herein, a Delaware corporation

10 | doing business in the State of California.

11 |     7.    Upon information and belief, DHI Mortgage's annual gross volume of business at

12 | all relevant times was not less than $500,000.

13 |     8.    Upon information and belief, DHI Mortgage has been, at all relevant times, an

14 | enterprise engaged in commerce within the meaning of FLSA in that it (i) has or had employees

15 | engaged in commerce or in the production of goods for commerce and handling, selling or

16 | otherwise working on goods or materials that have been moved in or produced for commerce by

17 | any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

18 |     9.    Plaintiff is informed and believes, and thereupon alleges that Defendant D.R.

19 | Horton, Inc. is, and at all relevant times mentioned herein, a Delaware corporation doing business

20 | in the State of California.

21 |     10.    Upon information and belief, D.R. Horton's annual gross volume of business at all

22 | relevant times was not less than $500,000.

23 |     11.    Upon information and belief, DHI Mortgage has been, at all relevant times, an

24 | enterprise engaged in commerce within the meaning of FLSA in that it (i) has or had employees

25 | engaged in commerce or in the production of goods for commerce and handling, selling or

26 | otherwise working on goods or materials that have been moved in or produced for commerce by

27 | any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

    12.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

28

1  participation in the conduct alleged herein, of the defendants sued as Does 1 to 50, inclusive, but is

2  informed and believes that said defendants are legally responsible for the conduct alleged herein

3  and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to

4  allege both the true names and capacities of the Doe defendants when ascertained.

5       13.   Plaintiff is informed and believes that each defendant acted in all respects pertinent

6  to this action as the agent of the other defendants, carried out a joint scheme, business plan or

7  policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to

8  each of the other defendants.

9                          **CLASS ALLEGATIONS**

10       14.   This action has been brought and may be maintained as a class action pursuant to

11  Rule 23 of the Federal Rule of Civil Procedure because there is a well-defined community of

12  interest among the persons who comprise the readily ascertainable classes defined below and

13  because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a

14  class action.

15       15.   **Relevant Time Period**: The relevant time period is defined as the time period

16  beginning four years prior to the filing of this action until judgment is entered.

17       16.   The class and sub-class members are defined as follows:

18  **DHI Mortgage Class:**  All persons employed by Defendants and/or any staffing
    agencies and/or any other third parties who worked as a loan officer in the United
19  States during the **Relevant Time Period**.

20       **DHI Mortgage Meal Period Sub-Class:**  All **DHI Mortgage Class**
         members who worked a shift in excess of five hours during the **Relevant**
21       **Time Period** in California.

22       **DHI Mortgage Rest Period Sub-Class:**  All  **DHI Mortgage Class**
         members who worked a shift of at least three and one-half (3.5) hours during
23       the **Relevant Time Period** in California.

24       **DHI Mortgage Wage Statement Penalties Sub-Class:**  All  **DHI Mortgage**
         **Class** members employed by Defendants in California during the period
25       beginning one year before the filing of this action and ending when final
         judgment is entered.
26
         **DHI Mortgage Waiting Time Penalties Sub-Class:**  All  **DHI Mortgage**
27       **Class** members who separated from their employment in California with
         Defendants during the period beginning three years before the filing of this
28       action and ending when final judgment is entered.

**DHI Mortgage Commission Sub-Class:**  All  **DHI Mortgage Class** members who earned commissions in California during the **Relevant Time period** .

**UCL Class:**  All  **DHI Mortgage Class** members employed by Defendants in California during the **Relevant Time Period**.

17.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub0-classes, and/or by limitation to particular issues.

18.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

19.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

      A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

      B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

      C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

      D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

      E.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

      F.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

G.  Whether Defendants have failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or income in calculating the rates at which those wages are paid;

H.  Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

I.  Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

J.  Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

K.  Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

20.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

21.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

22.  **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

23.  **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously

1  and efficiently prosecute their common claims in a single forum without the unnecessary

2  duplication of effort and expense that numerous individual actions would entail.  In addition, the

3  monetary amounts due to many individual class members are likely to be relatively small and would

4  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

5  Moreover, a class action will serve an important public interest by permitting class members to

6  effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the

7  potential for inconsistent or contradictory judgments inherent in individual litigation.

8  **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9      24.     Plaintiff was hired by Defendants on or about July 2015 as an hourly, non-exempt

10  employee who worked in California.

11  **Recording Hours Worked Based on Scheduled Hours**

12     25.     Plaintiff and the putative class were regularly scheduled to work eight hour shifts

13  each workday, Monday through Friday.

14     26.     Plaintiff and the putative class were required to utilize written timesheets to report

15  hours worked on a weekly basis.

16     27.     Plaintiff and the putative class regularly worked more than twelve hours each

17  workday, Monday through Friday, with each workday consisting of more than ten consecutive

18  hours.

19     28.     Plaintiff and the putative class were only permitted to record the hours they were

20  scheduled to work, even though they would regularly work more than their scheduled hours with

21  their supervisors' knowledge and permission.

22     29.     Plaintiff and the putative class were not permitted to record their actual hours worked

23  and were threatened with disciplinary action by their supervisors if they recorded any overtime

24  hours without explicit approval even though these same supervisors were aware of and had

25  knowledge that they worked in excess of their scheduled work hours.

26     30.     As a result of Defendants' practices and policies, Plaintiff and the putative class were

27  required to perform substantial amounts of off-the-clock work that were not compensated by

28  Defendants.

1

**On-Call Time**

2      31.    Plaintiff and the putative class were assigned to work mandatory on-call shifts during

3 the last weekend of each month and was not compensated for this time.

4      32.    Defendants assigned Plaintiff and the putative class to work mandatory on-call shifts

5 by email sent to all employees informing them of the person selected to cover the on-call shift

6 known as "Loan Officer on Duty."

7      33.    Plaintiff and the putative class typically worked from home and were required to

8 respond to all inquiries received during that weekend they were on-call.

9      34.    Plaintiff and the putative class typically worked 2 to 4 hours each day during each

10 on-call shift.  During these mandatory on-call shifts, Plaintiff and putative class would work

11 substantial amount of hours and was not compensated by Defendants.

12      35.    Defendants knowingly assigned Plaintiff and the putative class to work on-call shifts

13 but failed to pay them for this time.

14

**Missed Meal Periods**

15      36.    Plaintiff and the putative class members were not provided with meal periods of at

16 least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

17 scheduling each meal period as part of each work shift; (2) chronically understaffing each work

18 shift with not enough workers; (3) imposing so much work on each employee such that it made it

19 unlikely that an employee would be able to take their breaks if they wanted to finish their work on

20 time; and (4) no formal written meal and rest period policy that encouraged employees to take their

21 meal and rest periods.

22      37.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

23 provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

24 worked due to complying with Defendants' productivity requirements that required Plaintiff and

25 the putative class to work through their meal periods in order to complete their assignments on

26 time.

27

**Missed Rest Periods**

28      38.    Plaintiff and the putative class members were not provided with rest periods of at

7

least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

39.   As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Regular Rate of Pay**

40.   The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

41.   During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses.

**Breach of Contract / Failure to Pay Commissions**

42.   Plaintiff was hired by Defendants and was paid an hourly rate plus commissions on each loan transaction that he handled.

43.   At the time of termination, Plaintiff had approximately $26,000 in commissionable transactions that were still pending and "in the pipeline."

44.   Defendants terminated Plaintiff under false pretenses and claimed that Plaintiff failed to show up to work and that Plaintiff was a "no call / no show" to work.

45.   Plaintiff believes that Defendants terminated him so that they did not have to pay Plaintiff his commissions.

1   46.   Upon information and belief, Plaintiff alleges that Defendants' policy and/or

2   practice is not to pay Plaintiff and the putative class for any commissions on loan transactions that

3   have not closed within thirty (30) days after they are no longer employed with Defendants.

4                           **Inaccurate Wage Statements**

5   47.   Plaintiff and the putative class were not provided with accurate wage statements as

6   mandated by law pursuant to  Labor Code section 226.

7   48.   Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

8   earned" were not accurately reflected in that:

9   A.   Any applicable meal and rest break premiums were not included;

10  B.   Hourly and overtime wages for off-the-clock work were not included;

11  C.   Time spent working on-call were not included;

12  D.   Regular rate of pay was not properly calculated;

13  E.   All commission wages were not paid.

14  49.   Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

15  worked by the employee" were not accurately reflected in that:

16  A.   Hourly and overtime wages for off-the-clock work were not included;

17  B.   Time spent working on-call were not included;

18  C.   Regular rate of pay was not properly calculated.

19  50.   Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

20  earned" were not accurately reflected in that:

21  A.   Any applicable meal and rest break premiums were not included;

22  B.   Hourly and overtime wages for off-the-clock work were not included;

23  C.   Time spent working on-call were not included;

24  D.   Regular rate of pay was not properly calculated;

25  E.   All commission wages were not paid.

26  51.   Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

27  hourly rates in effect during the pay period and the corresponding number of hours worked at each

28  hourly rate by the employee" were not accurately reflected in that:

A.   Hourly and overtime wages for off-the-clock work were not included;

B.   Time spent working on-call were not included;

C.   Regular rate of pay was not properly calculated.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (By Plaintiff and DHI Mortgage Meal Break Sub-Class)

52.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

53.   At all relevant times, Plaintiff and the **DHI Mortgage Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Industrial Welfare Commission Wage Order 5-2001 ("Wage Order").

54.   Labor Code section 512 and section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

55.   Labor Code section 226.7 and section 11 of the the applicable Wage Order  both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

56.   Compensation for missed meal periods constitutes wages within the meaning of the Labor Code section 200.

57.   Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

58.   Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than

1       five (5) hours without a meal period of not less than 30 mninutes, except
2       that when a work period of not more than six (6) hours will complete the
       day's work the meal period may be waived by mutual consent of the
       employer and employee.  Unless the employee is relieved of all duty
3       during a 30 minute meal period, the meal period shall be considered an
       "on duty" meal period and counted as time worked.  An "on duty" meal
4       period shall be permitted only when the nature of the work prevents an
       employee from being relieved of all duty and when by written agreement
5       between the parties an on-the-job paid meal period is agreed to.  The
       written agreement shall state that the employee may, in writing, revoke
6       the agreement at any time."  8 Cal. Code Regs. § 11040(11).

7       59.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period

8  agreement.  Plaintiff is informed and believes that, at all relevant times, **DHI Mortgage Meal**

9  **Break Sub-Class** members were not subject to valid on-duty meal period agreements with

10  Defendants.

11       60.     Plaintiff alleges that, at relevant times during the applicable limitations period,

12  Defendants maintained a policy or practice of not providing Plaintiff and members of the **DHI**

13  **Mortgage Meal Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes

14  for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage

15  Order.

16       61.     Plaintiff alleges that at all relevant times during the applicable limitations period

17  and as matters of policy and practice, Defendants have failed to pay premium wages to **DHI**

18  **Mortgage Meal Break Sub-Class** members when they worked five (5) hours without clocking out

19  for any meal period.

20       62.     Plaintiff alleges that at all relevant times during the applicable limitations period

21  and as matters of policy and practice, Defendants employed **DHI Mortgage Meal Break Sub-**

22  **Class** members for shifts of ten (10) or more hours without providing them with second meal

23  periods and without paying them premium wages, as required by Labor Code section 512 and the

24  applicable Wage Order.

25       63.     Moreover, Defendants written policies do not provide that employees must take

26  their first meal break before the end of the fifth hour of work, that they are entitled to a second

27  meal break if they work a shift of over ten (10) hours, or that the second meal period must

28  commence before the end of the tenth hour of work, unless waived.

64.     At all relevant times, Defendants failed to pay Plaintiff and **DHI Mortgage Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

65.     Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **DHI Mortgage Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

66.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **DHI Mortgage Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (By Plaintiff and DHI Mortgage Rest Break Sub-Class)

67.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

68.     At all relevant times, Plaintiff and **DHI Mortgage Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

69.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

70.     Labor Code section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

71.     Compensation for missed rest periods constitutes wages within the meaning of the Labor Code section 200.

72.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

73.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **DHI Mortgage Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

74.    At all relevant times, Defendants failed to pay Plaintiff and other **DHI Mortgage Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

75.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

76.    Plaintiff and the **DHI Mortgage Rest Break Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

77.    As a result of Defendants' policy, Plaintiff and the **DHI Mortgage Rest Break Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **DHI Mortgage Rest Break Sub-Class** to work through their rest periods in order to complete their assignments on time.

78.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **DHI Mortgage Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

79.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

2  **DHI Mortgage Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

3  <u>**THIRD CAUSE OF ACTION**</u>

4  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

5  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

6  **(By Plaintiff and DHI Mortgage Class)**

7  80.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9  81.    At all relevant times, Plaintiff and  **DHI Mortgage Class** members are or have been

10  non-exempt employees of Defendants entitled to the full protections of the <u>Labor Code</u> and the

11  applicable Wage Orders.

12  82.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

13  which an employee is subject to the control of an employer, and includes all the time the employee

14  is suffered or permitted to work, whether or not required to do so."

15  83.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

16  employees at least the minimum wage set forth therein for all hours worked, which consist of all

17  hours that an employer has actual or constructive knowledge that employees are working.

18  84.    <u>Labor Code</u> section 1194 invalidates any agreement between an employer and an

19  employee to work for less than the minimum or overtime wage required under the applicable Wage

20  Orders.

21  85.    <u>Labor Code</u> section 1194.2 entitles non-exempt employees to recover liquidated

22  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

23  addition to the underlying unpaid minimum wages and interest thereon.

24  86.    <u>Labor Code</u> section 1197 makes it unlawful for an employer to pay an employee

25  less than the minimum wage required under the applicable Wage Orders for all hours worked

26  during a payroll period.

27  87.    <u>Labor Code</u> section 1197.1 provides that it is unlawful for any employer or any

28  other person acting either individually or as an officer, agent, or employee of another person, to

1  pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

2       88.    Labor Code section 1198 makes it unlawful for employers to employ employees

3  under conditions that violate the Wage Order.

4       89.    Labor Code section 204 requires employers to pay non-exempt employees their

5  earned wages for the normal work period at least twice during each calendar month on days the

6  employer designates in advance and to pay non-exempt employees their earned wages for labor

7  performed in excess of the normal work period by no later than the next regular payday.

8       90.    Labor Code section 223 makes it unlawful for employers to pay their employees

9  lower wages than required by contract or statute while purporting to pay them legal wages.

10      91.    Labor Code section 510 and section 3 of the applicable Wage Order require

11  employers to pay non-exempt employees overtime wages of no less than one and one-half times

12  their respective regular rates of pay for all hours worked in excess of eight hours in one workday,

13  all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked

14  on the seventh consecutive day of one workweek.

15      92.    Labor Code section 510 and section 3 of the applicable Wage Order also require

16  employers to pay non-exempt employees overtime wages of no less than two times their respective

17  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

18  worked in excess of eight hours on a seventh consecutive workday during a workweek.

19      93.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

20  centrally devised policies and practices to him and **DHI Mortgage Class** members with respect to

21  working conditions and compensation arrangements.

22      94.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

23  worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering

24  or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff

25  and **DHI Mortgage Class** members all overtime hours worked.

26      95.    Plaintiff is informed and believes that, at all relevant times and as matters of policy

27  and/or practice, Defendants have failed also to pay hourly wages to **DHI Mortgage Class**

28  members for all time worked, including, but not limited to, overtime work, at statutory and/or

1  agreed rates by suffering or permitting them to work during unpaid meal periods.

2      96.    The regular rate of pay under California law includes all remuneration for
3  employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,
4  commissions and non-discretionary bonuses.

5      97.    During the applicable limitations period, Defendants violated the rights of Plaintiff
6  and the putative class under the above-referenced Labor Code sections by failing to pay them
7  overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198
8  as a result of not correctly calculating their regular rate of pay to include all applicable
9  remuneration, including, but not limited to, commissions and non-discretionary bonuses.

10     98.    At all relevant times, Plaintiff and **DHI Mortgage Class** members have been non-
11  exempt employees of Defendants and entitled to the full protections of both the Labor Code and
12  the Wage Order.

13     99.    Labor Code § 512 and Section 11 of the Wage Order impose an
14  affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-
15  free, meal periods of at least thirty minutes for each work period of five or more hours, and to
16  provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each
17  work period of more than ten hours.

18     100.   Labor Code § 226.7 and Section 11 of the Wage Order prohibit an
19  employer from requiring its employees to work during required meal periods and also require
20  employers to pay non-exempt employees an additional hour of premium wages at the employee's
21  regular rate of compensation on each workday that the employee is not provided with a meal
22  period.

23     101.   Section 12 of the Wage Order imposes an affirmative obligation on
24  employers to permit and authorize employees to take required rest periods at a rate of no less than
25  ten minutes of net rest time for each four hour work period, or major portion thereof, that must be
26  in the middle of each work period insofar as is practicable.

27     102.   Labor Code § 226.7 and Section 12 of the Wage Order prohibit an
28  employer from requiring its employees to work during required rest periods and also require

1 employers to pay non-exempt employees an additional hour of premium wages at the employee's

2 regular rate of compensation on each workday that the employee is not provided with a rest period.

3       103.   California law uses the terms "compensation" and "pay" interchangeably

4 and requires that all applicable remuneration, including, but not limited to, commissions and non-

5 discretionary bonuses, be included when calculating an employee's regular rate of pay.

6       104.   At all relevant times, Defendants paid Plaintiff premium wages based on

7 a rate of compensation that did not reflect, among other things, non-discretionary bonuses and/or

8 shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage

9 Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest

10 periods.

11       105.   Plaintiff is informed and believes and thereon alleges that, at all relevant

12 times, Defendants have maintained a policy and practice of paying **DHI Mortgage Class** members

13 premium wages based on rates of compensation that have not reflected commissions and/or non-

14 discretionary bonuses as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage

15 Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest

16 periods.

17       106.   Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

18 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

19 **DHI Mortgage Class** members, seeks to recover reasonable attorneys' fees.

20 **FOURTH CAUSE OF ACTION**

21 **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

22 **(Lab. Code § 226)**

23 **(By Plaintiff and DHI Mortgage Wage Statement Penalties Sub-Class)**

24       107.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

25 alleged herein.

26       108.   Labor Code § 226(a) states in pertinent part the following:

27          "(a) every employer shall, semimonthly or at the time of each payment
of wages, furnish each of his or her employees, either as a detachable

28          part of the check, draft, or voucher paying the employee's wages, or

separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

109.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **DHI Mortgage Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

110.    Plaintiff is informed and believes that Defendants' failures to provide him and **DHI Mortgage Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

111.    Plaintiff and **DHI Mortgage Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the

1    amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay

2    records, and/or has led to the submission of inaccurate information about wages and deductions to

3    state and federal government agencies.

4         112.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and

5    **DHI Mortgage Wage Statement Penalties Sub-Class** members, seeks the greater of actual

6    damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred,

7    and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred,

8    not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable

9    costs and attorneys' fees.

10                          **FIFTH CAUSE OF ACTION**

11               **FAILURE TO TIMELY PAY ALL FINAL WAGES**

12                          **(Lab. Code §§ 201-203)**

13        **(Plaintiff and DHI Mortgage Waiting Time Penalties Sub-Class)**

14        113.    Plaintiff incorporates the preceding paragraphs of the Complaint as if

15   fully alleged herein.

16        114.    At all relevant times, Plaintiff and **DHI Mortgage Waiting Time Penalties Sub-**

17   **Class** members have been entitled, upon the end of their employment with Defendants, to timely

18   payment of all wages earned and unpaid before termination or resignation.

19        115.    At all relevant times, pursuant to Labor Code section 201, employees who have

20   been discharged have been entitled to payment of all final wages immediately upon termination.

21        116.    At all relevant times, pursuant to Labor Code section 202, employees who have

22   resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

23   payment of all final wages at the time of resignation.

24        117.    At all relevant times, pursuant to Labor Code section 202, employees who have

25   resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to

26   payment of all final wages within seventy-two (72) hours of giving notice of resignation.

27        118.    During the applicable limitations period, Defendants failed to pay

28   Plaintiff all of his final wages in accordance with Labor Code section 201 by failing to timely pay

him all of his final wages.

119.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **DHI Mortgage Waiting Time Penalties Sub-Class** members all of their final wages in accordance with <u>Labor Code</u> sections 201 or 202.

120.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **DHI Mortgage Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of <u>Labor Code</u> sections 201 and 202 by failing to timely pay them all final wages.

121.    Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **DHI Mortgage Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with <u>Labor Code</u> sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

122.    Pursuant to <u>Labor Code</u> sections 203 and 218.6, Plaintiff, on behalf of himself and **DHI Mortgage Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

123.    Pursuant to <u>Code of Civil Procedure</u> section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **DHI Mortgage Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

124.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

125.    <u>Business and Professions Code</u> section 17200 defines "unfair competition" to

1   include any unlawful business practice.

2        126.   Business and Professions Code sections 17203–17204 allow a person who has

3   lost money or property as a result of unfair competition to bring a class action in accordance with

4   Code of Civil Procedure section 382 to recover money or property that may have been acquired

5   from similarly situated persons by means of unfair competition.

6        127.   California law requires employers to pay hourly, non-exempt, employees

7   for all hours they are permitted or suffered to work, including hours that the employer knows or

8   reasonably should know that employees have worked.

9        128.   Plaintiff and the UCL Class realleges and incorporates by reference the

10   FIRST, SECOND and THIRD causes of action herein.

11        129.   Plaintiff lost money or property as a result of the aforementioned unfair

12   competition.

13        130.   Defendants have, or may have, acquired money by means of unfair

14   competition.

15        131.   Plaintiff is informed and believes and theron alleges that, by committing the Labor

16   Code violations described in this complaint, Defendants violated Labor Code sections 215, 216,

17   225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor

18   Code violations mentioned herein.

19        132.   Defendants have committed criminal conduct through their policies and practices of,

20   *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt

21   employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work

22   period of five or more hours and by failing to pay non-exempt employee for all hours worked and

23   by failing to reimburse them for all expenses.

24        133.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

25   employees of Defendants and entitled to the full protections of both the Labor Code and the

26   applicable Wage Order.

27        134.   As stated above, Defendants have violated the Labor Code in multiple respects with

28   regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages,

1  failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide
2  them with accurate wage statements, and failing to pay them all wages due upon separation of
3  employment.

4       135.    Defendants have, or may have, acquired money or property from **UCL Class**
5  members by means of unfair competition in that Plaintiff is informed and believes and thereon
6  alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium
7  wages in for missed meal and/or rest periods.

8       136.    The unlawful conduct of Defendants alleged herein amounts to and
9  constitutes unfair competition within the meaning of Business and Professions Code sections
10 17200, *et seq.* Business and Professions Code section 17200, *et seq.*, protects against unfair
11 competition and allows a person who has suffered an injury-in-fact and has lost money or property
12 as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own
13 behalf and on behalf of other similarly situated persons in a class action proceeding.

14       137.    As a result of Defendants' violations of the Labor Code during the
15 applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost
16 money or property in the form of earned wages. Specifically, Plaintiff has lost money or property
17 as a result of the aforementioned conduct.

18       138.    Plaintiff is informed and believes that other similarly situated persons
19 have been subject to the same unlawful policies or practices of Defendants.

20       139.    Due to its unfair and unlawful business practices in violation of the Labor
21 Code as alleged herein, Defendants have gained a competitive advantage over other comparable
22 companies doing business in the State of California that comply with their legal obligations under
23 the Labor Code.

24       140.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of
25 himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all
26 monies rightfully belonging to them that Defendants did not pay them or otherwise retained by
27 means of its unlawful and unfair business practices.

28       141.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED**

**IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT**

**(29 U.S.C. §§ 201,** *et seq.***)**

142.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

143.   At all material times herein, Plaintiff and all similarly situated **DHI Mortgage Class** members who submit "Consents to Become Party Plaintiffs" are or were employed by and engaged in providing services necessary to description of duties by Defendants, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

144.   The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

145.   At all material times, the (example: start-end travel time, inspection time, and meeting time described above) is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

146.   At all material times herein, Defendants have violated the FLSA by failing to to pay Plaintiff for all hours worked and at the applicable rate of pay.

147.   At all material times herein, Defendants have violated the FLSA by failing to pay **DHI Mortgage Class** at one-and-one-half (1.5) times the regular rate of pay when meeting time causes an employee's total hours worked to exceed forty (40) hours in a week.

148.   Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by **DHI Mortgage Class**. 29 U.S.C. § 2ll(c).

149.   Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all employees employed by Defendants.

150.   Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

151.   Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

152.   As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

### EIGHTH CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT

### (By Plaintiff and DHI Mortgage Commission Class)

153.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

154.   On or about July 2015, Plaintiff entered into a written employment agreement with Defendants under which he was hired as a Loan Officer.

155.   Pursuant to the express terms of this written agreement, Plaintiff was to be paid an hourly rate for all hours worked, plus commissions based on each funded loan transaction for which he was the procuring cause.

156.   Plaintiff has performed all of his obligations, covenants, and conditions required of him under the written employment agreement, except to the extent any such obligations, covenants or conditions have been excused, prevented or waived by Defendants' acts or omissions.

157.   Defendants have breached the written employment agreement by failing to pay Plaintiff the agreed upon hourly rate for all hours worked, in addition to not paying Plaintiff for all

1 │ commissions for each and every transaction for which he handled or performed substantial work.

2 │      158.   Upon information and belief, Plaintiff alleges that Defendants' policy and/or practice

3 │ is not to pay Plaintiff and the putative class for any commissions on loan transactions that have not

4 │ closed within thirty (30) days after they are no longer employed with Defendants.

5 │      159.   As a result of Defendants' conduct and breach as set forth above, Plaintiff and the

6 │ putative class has been damagd in an amount to be determined at trial.

7 │ **NINTH CAUSE OF ACTION**

8 │ **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

9 │ **(By Plaintiff and DHI Mortgage Commission Class)**

10 │      160.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

11 │ herein.

12 │      161.   Plaintiff and the putative class entered into written contracts of employment with

13 │ Defendants which sets forth the rights and obligations of each party.  Every contract imposes the

14 │ duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

15 │      162.   Defendants have acted in bad faith by not giving equal consideration to the interests

16 │ of Plaintiff and the putative class as they have their own interests.  Defendants have wrongfully and

17 │ intentionally breached the duty of good faith and fair dealing by denying Plaintiff and the putative

18 │ class the benefits to which they are entitled to received under their respective employment

19 │ agreements.

20 │      163.   As a result of Defendants' conduct and breach as set forth above, Plaintiff and the

21 │ putative class has been damaged in an amount to be determined at trial.

22 │ **PRAYER FOR RELIEF**

23 │      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief

24 │ and judgment against Defendants as follows:

25 │           A.  An order that the action be certified as a class action;

26 │           B.  An order that Plaintiff be appointed class representative;

27 │           C.  An order that counsel for Plaintiff be appointed class counsel;

28 │           D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.  Pre-judgment interest;

J.  Statutory penalties;

K.  Civil penalties;

L.  Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

Dated:  August 2, 2017                             SETAREH LAW GROUP

SHAUN SETAREH
Attorneys for Plaintiff
ROBERT W. AHLSTROM

CLASS ACTION COMPLAINT